## WILSON v. TILTON.

Supreme Court. Kent. October, 1795.

*Bayard's Notebook, 113.*

---

* This case is also reported in *Wilson's Red Book, 77.*

378

The counsel for the defendant, upon the case being rested by the plaintiff, moved for a nonsuit on the ground that one of the certificates contained in the receipt given to the plaintiff was dated on the 5th April, 1784, and the declaration was for a certificate of the 1st April, 1784. They cited Bull.N.P. 37, 51, 170, 171, 2 Ld.Raym. 792, 793, 1224, Cowp. 474, and 1 Term 687.

READ, C. J., without hearing the counsel for the plaintiff, overruled the motion, observing it could be no ground for a nonsuit because the variance as to one certificate, though it might defeat a recovery as to that certificate, could not vitiate the declaration as to the other certificates; and that if the plaintiff had a right to recover for any part there could not be a nonsuit.[1]

It appeared in the course of the trial that the plaintiff on the 1st September, 1791, had tendered to the defendant a complete indemnification of the damage he had sustained in consequence of being security for the plaintiff and demanded the re-delivery

[1] At this point, *Bayard's Notebook, 113*, the account of this case is interrupted; it is resumed at *121*.

of his certificates, which the defendant refused. The certificates had greatly risen in their value between the time of their being pledged and the tender being made. There was no time limited for the redemption of the pledge, nor any power given to sell it.

Upon this case it was contended by the counsel for the plaintiff that as no time was limited for the redemption of the certificates, the law allowed the plaintiff the right to redeem at any time during his life. Cro.Jac. 244, 245, Yelv. 178, 1 Bulst. 29. That the pawner has always the general property in the goods, and the pawnee a special property. 16 Vin.Abr. 263 pl. 1. And that a tender and refusal discharged the special property of the pawnee and entitled the pawner to recover in trover. 1 Bulst. 29. That the plaintiff was entitled to recover the whole value of the pawn, and that no deduction was to be made for the debt, because after the recovery of the pawn the debt remained; and as the certificates were wrongfully withheld after the tender and refusal, the plaintiff was entitled to the highest price at any time before the action brought. 1 Pow.Con. 409, 2 Pow.Con. 232.

It was insisted upon the other side by the counsel for the defendant that the plaintiff having failed to comply with the condition of counter-security and the defendant having actually suffered a loss by reason of being security, the certificates which had been pledged were forfeited, and that a right accrued to the defendant to sell them or to retain them for his indemnity as he thought proper. That the plaintiff had engaged by a bond to save the defendant harmless. That in such a case the defendant having been actually damnified or become liable to suit, the bond of indemnity was forfeited. 5 Co. 24a, 1 Vent. 261, 1 Vern. 189, Cro.Jac. 139, Cro.Eliz. 264, Co.Litt. 208. That the bond having been forfeited, the pledge, which was a collateral security, was also forfeited, and that if the plaintiff were entitled to any relief, his remedy must be in Chancery.

[Per] Curiam. As to one of the certificates claimed by the plaintiff, there is a clear variance between the declaration and the evidence, and as to it the jury can make no allowance. There was no ground for a nonsuit in this case because there are other certificates for which the plaintiff has a right to recover.

As it respects the other certificates, we are decidedly of opinion that the plaintiff has a right to recover. The delivery of them was in nature of a pledge, and it appeared from the leading case on the subject, reported in Bulst. 29, that where no time is limited for redemption, the pawner is allowed to do it at any time during his life. It also appears from the same case that upon a tender

and refusal the pawner may recover the pawn. Nay, it is said that the debt is discharged; we do not agree in this opinion though we conceive that the lien is discharged and the pawner entitled to recover the pledge. It is also clear that the whole value of the pawn is to be recovered because the debt remains, and the pawnee has his remedy to recover it. And as the certificates were wrongfully detained after tender and refusal, the plaintiff is entitled to the highest price between that time and the action brought.

Plaintiff had a verdict for £1900 and odd.

*Read, Miller* and *Bayard* for plaintiff. *Ridgely, Bedford* and *Clark* for defendant.